UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:04cr25 |
| | ) | |
| ELTON BURKS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

At approximately 2:20 a.m. on Monday, March 8, 2004, Lake County Sheriff's Department Officer Jesse Vargas was on patrol in his marked squad car near the 4700 block of Harrison Street in Gary, Indiana.  He observed the Defendant, Elton Burks, speeding.  He did not get a radar reading on Burks's car, but he estimates that he was traveling about forty-five miles per hour in a thirty mile per hour zone.  Because Burks was headed in the opposite direction, Vargas turned his car around to follow him.  At some point, he shone a light on the car to see who was inside.  While following him, Vargas saw Burks throw something out of the car window, an object that Vargas thought looked like a handgun.  A few blocks after seeing that, Vargas turned on his red and blue police lights.  About ten blocks after that, he called in the license plate and discovered that the plates were registered to a different vehicle.

Several blocks later, the vehicle finally pulled over.  When Vargas asked for his license and registration, Burks told him that he did not have one, but he gave his name and date of birth.  Vargas radioed the information to dispatch, and they discovered that Burks had had his license suspended, and that he had been pulled over before for driving on a suspended license.  Because of this, Vargas arrested him.

While doing a pat-down of Burks, Vargas discovered that he was wearing a bulletproof vest.  Ammunition was also found inside the car as part of a routine search incident to arrest.  In addition, Vargas's supervisor went to the spot where Vargas thought he saw Burks throw a handgun and recovered a Ruger .40 caliber semi-automatic pistol.  Burks seeks to suppress the ammunition and bulletproof vest on the grounds that the initial traffic stop was invalid.

The Supreme Court set the standard that governs this case: "An automobile stop is [] subject to the constitutional imperative that it not be 'unreasonable' under the circumstances.  As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."  *Whren v. United States*, 517 U.S. 806, 810 (1996); *Woods v. City of Chicago*, 234 F.3d 979, 993-94 (7th Cir. 2000).  Thus, we must look at whether Vargas's decision to pull Burks over was reasonable.  That decision was made by the time he turned on his red and blue police lights, so anything occurring after that could not have informed the decision, and should play no part in the probable cause inquiry.  The standard under which we review Vargas's decision is an objective one: "the police need only have probable cause, in other words, circumstances sufficient to warrant a man or woman of prudence to believe, that a moving violation has occurred."  *U.S. v. Williams*, 106 F.3d 1362, 1365 (7th Cir. 1997).

In light of this, the Court finds that the events that informed Vargas's decision were enough to establish probable cause that a traffic violation occurred.  First, Vargas claims that he estimated the speed of Burks's vehicle to be about forty-five miles per hour, fifteen miles per hour over the speed limit.  The Court found Vargas credible, and the Defendant offered nothing to contradict him.  Defense counsel attempted to discredit his testimony by making the point that it would have been difficult for Vargas to do a u-turn, then catch up to Burks in a block or two,

as he claimed, if Burks had been going that fast.  This analysis rested on little more than counsel's hunches about relative speed, and the Court did not find it persuasive.

Further, probable cause for the stop could have been independently supported by Vargas's seeing Burks throw what he believed to be a handgun out the passenger side window of his car.  Throwing a handgun out of a car window is enough to give a police officer probable cause to believe that a defendant unlawfully possessed the gun.  *See, e.g., United States v. Myers*, 2001 WL 210180, at *3 (D. Me. 2001) (finding probable cause to search a car for evidence of firearms crimes when the police pulled a car over after observing a firearm being thrown from the car); *United States v. Flynn*, 309 F.3d 736, 739 (10th Cir. 2002) (drugs thrown from car just prior to ruse drug checkpoint supported probable cause to conduct warrantless search).  Defense counsel tried to discredit this testimony by pointing out that Vargas never radioed dispatch to alert them of the gun being thrown, but Vargas testified that he called his supervisor on his cell phone instead of using the radio.  His supervisor verified this story and also testified that using both the radio and the phone to communicate is standard procedure.  In light of this, the Court finds Vargas's testimony credible, and finds that he had probable cause to believe that a crime had been committed.  Thus, his decision to pull Burks over was reasonable and the motion to suppress must be denied.

For the foregoing reasons, Defendant's Motion to Suppress [Docket No. 28] is **DENIED**.  As the hearing on May 11, 2005, at 1:00 p.m. is no longer necessary, it is **VACATED**.

**SO ORDERED.**

ENTERED: May 3, 2005

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT